**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas A. Haviland,<br><br>            Plaintiff,<br><br>v.<br><br>TD Ameritrade Incorporated,<br><br>            Defendant. | No. CV-15-00611-PHX-NVW<br><br>**ORDER** |

On June 25, 2015, the court granted Plaintiff Douglas A. Haviland's Motion to Confirm FINRA Arbitration Award (Doc. 1) "to the extent, and only to the extent, that TD Ameritrade must continue to make good faith efforts to transfer to Haviland a certificate recognizing ownership in his name of the 75,000 Bancorp X106 shares currently held by the Depository Trust Company." (Doc. 29 at 7.) At the time the court issued that Order, it appeared from the parties' briefing that the only ways TD Ameritrade could satisfy the arbitrator's Award were 1) to order the Depository Trust Company to deliver a certificate recognizing ownership in Haviland's name of 75,000 shares of Bancorp International Group stock, or 2) to purchase 75,000 shares of Bancorp stock issued under CUSIP No. 05968X205, which were not registered with the SEC.

Because of a "Global Lock" imposed in August 2005, the Depository Trust Company had already refused to honor a request by TD Ameritrade to transfer shares into Haviland's name. And TD Ameritrade represented that it could not purchase X205 shares for Haviland because section 5 of the Securities Act of 1933 makes it unlawful to

"offer to sell or offer to buy . . . any security, unless a registration statement has been filed as to such security," 15 U.S.C. § 77e(c), or to sell, or deliver after sale, any unregistered security, *id.* § 77e(a). As TD Ameritrade acknowledged, however, these prohibitions do not apply to "any security which is issued in exchange for one or more bona fide outstanding securities, claims or property interests, or partly in such exchange and partly for cash, where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities in such exchange shall have the right to appear, by any court, or by any official or agency of the United States, or by any State or Territorial banking or insurance commission or other governmental authority expressly authorized by law to grant such approval." *Id.* § 77c(a)(10).

Haviland now moves for reconsideration of the court's June 25, 2015 Order, seeking confirmation of the arbitrator's Award in full. (Doc. 31.) Attached to his Motion is a copy of a January 6, 2006 order issued by an Oklahoma state court that authorizes Bancorp's issuance of unregistered shares under § 77c(a)(10), known as § 3(a)(10) of the Securities Act. (Doc. 31-2 at 25-29.) Both in its original Motion to Vacate the FINRA Arbitration Award (Doc. 14) and in its Response (Doc. 37) to Plaintiff's pending Motion, TD Ameritrade argues that it cannot purchase any Bancorp stock without performing an illegal act, since the only shares for sale are unregistered shares for which there is no registration exemption. But TD Ameritrade nowhere explains why it cannot purchase shares issued pursuant to the Oklahoma state court's January 6, 2006 order.

Those shares are exempt from registration under § 3(a)(10) and may therefore be bought and sold. Although they may bear a different CUSIP number than the shares Haviland purchased in July 2005, the arbitrator's Award is noticeably silent as to the CUSIP number of the shares that TD Ameritrade must transfer to Haviland. (*See* Doc. 1-1 at 3.) In fact, when TD Ameritrade requested clarification from the arbitrator as to the appropriate CUSIP number, the arbitrator declined to provide further information. (Doc. 29 at 4.) It therefore appears that TD Ameritrade may be able to satisfy the arbitrator's

Award in full by purchasing Bancorp shares issued under the Oklahoma state court's authorization and then delivering to Haviland a physical certificate that recognizes ownership of those shares in his name.

IT IS THEREFORE ORDERED that TD Ameritrade file by August 7, 2015, a brief of no more than five pages explaining why the court should not grant Haviland's Motion for Reconsideration (Doc. 31).

Dated this 31st day of July, 2015.

Neil V. Wake
United States District Judge