**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas A. Haviland, | No. CV-15-00611-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| TD Ameritrade Incorporated, | |
| Defendant. | |

This case shows how it risks unfairness and waste of the court's work to let parties hold back on motions and then try again with something left out the first time. The motion is turned into a mere scouting expedition for the real fight to come.

In this case the parties briefed their cross-motions to confirm or vacate Plaintiff's FINRA arbitration award to the full extent they wanted. (Doc. 1, 14.) The Court labored through those briefs and exhibits and gave its considered ruling on June 25, 2015, which enforced the Arbitration Award in part and denied enforcement in part. (Doc. 29, 30.)

Plaintiff then filed his Motion for Reconsideration to Amend Judgment (Doc. 31), with new arguments and documents and no justification for not having presented them before. The Motion could have been denied then, but with an excess of latitude for Plaintiff, who comes here without counsel, the Court ordered a response. (Doc. 32.) After a full Response, Reply, and supplemental Response ordered by the Court, the Motion for Reconsideration was granted and a new judgment entered in favor of Plaintiff (Doc. 44, 45). The Court labored through those new briefs and exhibits in turn to reach its new conclusion based on what was there presented.

Next it was Defendant's turn to file a Motion for Reconsideration presenting new arguments left out of both its original Response and its supplemental Response ordered by the Court. (Doc. 46.) In normal circumstances, the rehearing would have been denied without reaching the merits. But in this case both parties were trying a replay on new evidence or argument, so it would be unfair to allow one but not the other the same indulgence. The Court ordered a Response and Reply, and Defendant's Motion for Reconsideration is now ready for ruling.

The Court will grant Defendant's Motion for Reconsideration and reinstate the original judgment (Doc. 30) for two reasons. First, the Court concludes it was an abuse of discretion to allow Plaintiff to file his Motion for Reconsideration with no justification for having held back. The unwisdom and the unfair burden of that indulgence have proved themselves. Second, even if all the later briefing is considered, the original judgment in this case proves correct.

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration (Doc. 46) is granted, and order and Judgment of August 19, 2015, are vacated (Doc. 44, 45).

IT IS FURTHER ORDERED that the Judgment of June 25, 2015, is reinstated (Doc. 30).

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Plaintiff Douglas A. Haviland and against Defendant TD Ameritrade, Inc., confirming the Arbitration Award to the extent, and only to the extent, that TD Ameritrade must continue to make good faith efforts to transfer to Haviland a certificate recognizing ownership in his name of the 75,000 Bancorp X106 shares currently held by the Depository Trust Company. The Clerk shall terminate this case.

Dated this 12th day of February, 2016.

Neil V. Wake
United States District Judge